JUSTIN D. WHATCOTT, IDAHO STATE BAR NO. 6444
ACTING UNITED STATES ATTORNEY
KELSEY A. MANWEILER, IDAHO STATE BAR NO. 10604
SPECIAL ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211

**U.S. COURTS**

**MAY 13 2025**

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>JOSEPH LEROY COLLINS,<br><br>        Defendant. | Case No. 1:25-CR-143-AKB<br><br>**INDICTMENT**<br><br>**18 U.S.C. § 2**<br>**21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B),**<br>**21 U.S.C. §§ 846 and 853** |

The Grand Jury charges:

## <u>COUNT ONE</u>

### Conspiracy to Distribute Methamphetamine
### 21 U.S.C. § 841(a)(1), (b)(1)(A), and 846

Beginning on or about January 31, 2024, and continuing to on or about November 30, 2024, in the District of Idaho and elsewhere, the Defendant JOSEPH LEROY COLLINS, did knowingly and intentionally combine, conspire, confederate and agree with other individuals known and unknown to the Grand Jury, to distribute 500 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), and 846.

**INDICTMENT - 1**

## COUNT TWO

### Distribution of Methamphetamine
### 21 U.S.C. § 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2

February 7, 2024, in the District of Idaho, the Defendant, JOSEPH LEROY COLLINS, did knowingly distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and aided and abetted in the same, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT THREE

### Possession with Intent to Distribute Methamphetamine
### 21 U.S.C. § 841(a)(1) and (b)(1)(B)

On or about March 14, 2024, in the District of Idaho, the Defendant, JOSEPH LEROY COLLINS, did knowingly possess with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## CRIMINAL FORFEITURE ALLEGATION(S)
### Drug Forfeiture
### 21 U.S.C. § 853

Upon conviction of any of the offenses alleged in the Indictment, the Defendant, JOSEPH LEROY COLLINS, shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting of or derived from any proceeds the said Defendant obtained directly or indirectly as a result of the foregoing offense; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any manner or part, to

INDICTMENT - 2

commit, or to facilitate the commission of, the foregoing offense. The property to be forfeited includes, but is not limited to, the following:

1.    Seized Property.

    a.    Palmetto State Armory, semi-automatic rifle, bearing serial number SCD261448;

    b.    ammunition and accessories.

2.    Unrecovered Cash Proceeds and/or Facilitating Property. The Defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the Defendant used to facilitate the offense (if facilitation is alleged), but based upon actions of the Defendant, the property was transferred, diminished, comingled, or is otherwise unavailable.

3.    Substitute Assets. Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, or "any other property of the defendant" up to the value of the Defendant's assets subject to forfeiture. The United States will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

    a.    Cannot be located upon the exercise of due diligence;

    b.    Has been transferred or sold to, or deposited with, a third person;

    c.    Has been placed beyond the jurisdiction of the court;

    d.    Has been substantially diminished in value; or

**INDICTMENT - 3**

e.      Has been commingled with other property which cannot be subdivided

without difficulty.

Dated this 13th day of May, 2025.

A TRUE BILL

/s/ [signature on reverse]

_____

FOREPERSON

JUSTIN D. WHATCOTT
ACTING UNITED STATES ATTORNEY
By:

KELSEY A. MANWEILER
SPECIAL ASSISTANT UNITED STATES ATTORNEY

**INDICTMENT** - 4